UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-cv-06139-CAS-RAO | Date | December 23, 2024 |
|---|---|---|---|
| Title | David Fink v. County of Los Angeles et al. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO RECUSE THE HONORABLE MAGISTRATE JUDGE ROZELLA A. OLIVER (Dkt. 135, filed on December 13, 2024)

## I. INTRODUCTION & BACKGROUND

Plaintiff David Fink ("plaintiff"), a California state prisoner proceeding *pro se*, initiated this action on July 26, 2021, dkt. 1, and filed the operative third amended complaint on March 21, 2024. Dkt 76 ("TAC"). Plaintiff alleges that defendants County of Los Angeles, Stuart L. Shear, Elister L. Wilmore, Asaad M. Traina ("Traina"), Ziba Dayani ("Dayani"), Konian Kouassi, Sherwin Alo ("Alo"), Jason Wolak ("Wolak"), Joseph Dempsey ("Dempsey"), and Does (collectively, "defendants") violated his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.[1] TAC ¶¶ 5-15, 83-110.

On December 13, 2024, plaintiff filed the instant "Motion Under 28 U.S.C. 455 to Recuse the Honorable Magistrate Rozella Oliver Upon the Ground of Partisan Embroilment." Dkt. 135 ("Mot."). On December 18, 2024, defendants filed an opposition brief. Dkt. 139 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Plaintiff alleges that the individual and Doe defendants are employees of Men's Central Jail, including medical professionals and "captains" who implemented body cavity searches. TAC ¶¶ 6-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06139-CAS-RAO | Date | December 23, 2024 |
| Title | David Fink v. County of Los Angeles et al. | | |

## II. LEGAL STANDARD

28 U.S.C. § 144 ("Section 144") provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. 28 U.S.C. § 455 ("Section 455") requires a judge or magistrate judge to disqualify herself in any proceeding in which she is actually biased, or in which her impartiality might reasonably be questioned. 28 U.S.C. § 455.

Under both statutes, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939; see also Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987) (erroneous rulings do not justify a finding of judicial bias).

## III. DISCUSSION & CONCLUSION

Plaintiff moves for recusal based on Judge Oliver's prior rulings on discovery matters and appointment of counsel, which plaintiff describes as "embroilment amounting to partisan advocacy" and "objectively unreasonable." Mot. at 5, 7. In opposition, defendants argue that plaintiff's motion is "frivolous," as plaintiff "ignores" that Judge Oliver "has granted in part his motions for further response in this same matter." Opp. at 2. Further, defendants contend that plaintiff failed to meet the procedural requirements of Section 144, cite any of the grounds for disqualification under Section 455, or file his motion in a timely manner. Id. at 5-6.

Having reviewed the motion, the opposition, and Judge Oliver's prior orders, the Court finds no grounds to disqualify Judge Oliver. On May 15, 2023, Judge Oliver denied plaintiff's motion for appointment of counsel without prejudice, finding that there is no right to appointed counsel in civil matters and that, despite plaintiff's medical condition, the facts in his motion did not "rise to the level of exceptional circumstances warranting appointment of counsel at this time." Dkt. 58. On June 5, 2023, Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-06139-CAS-RAO | Date | December 23, 2024 |
|---|---|---|---|
| Title | David Fink v. County of Los Angeles et al. | | |

Oliver denied plaintiff's second motion for appointment of counsel without prejudice, for the same reasons. Dkt. 61.

On March 28, 2024, Judge Oliver granted defendant County of Los Angeles's motion to take plaintiff's deposition. Dkt. 81. On June 12, 2024, Judge Oliver granted in part and denied in part plaintiff's first and second motions to compel discovery.[2] Dkt. 99 at 4-7. On the same day, Judge Oliver granted plaintiff's third motion to compel discovery, rewriting the interrogatory at issue to reflect the correct date and ordering the County of Los Angeles to provide a response. Id. at 8. On November 25, 2024, Judge Oliver granted in part and denied in part plaintiff's motion to extend the discovery cut-off date by six months. Dkt. 131. On the same day, Judge Oliver denied plaintiff's "Motion Under Rule 36(a)(4) to Have Matters Deemed Admitted Based Upon Gamesmanship" and "Motion Under Rule 36(a)(6) to Have Matters Deemed Admitted Based Upon a Blanket Assertion of Privilege to Issues Already Held Discoverable." Dkt. 132. Judge Oliver found that the fact that defendants Traina and Dayani "are able to recall some information but not other information does not indicate they are acting in bad faith." Id. at 3. Additionally, Judge Oliver found that plaintiff's challenges to defendants Wolak and Dempsey's objections to requests for admissions (RFA) were "unclear," but Judge Oliver found "no basis to conclude that [defendants'] objections are not justified." Id. at 4. On November 27, 2024, Judge Oliver denied plaintiff's "Motion Under Rule 36(a)(6) to Have Matters Deemed Admitted Based Upon a Blanket Assertion of Privilege to Issues Already Held Discoverable" pertaining to defendant Alo's RFA responses. Dkt. 133. Judge Oliver sustained Alo's objections and found that his existing responses were substantive. Id.

---

[2] First, Judge Oliver found that defendants' responses to Interrogatory Nos. 2, 11, and 12 were sufficient, despite plaintiff's "skepticism with [their] veracity." Dkt. 99 at 4. Second, Judge Oliver found that defendants' responses to Interrogatory Nos. 1, 5, and 6, in which they stated that they did not have a specific recollection of examining or treating plaintiff and referred him to his medical records, were sufficient. Id. at 4-5. Judge Oliver reasoned that because defendants would respond by looking through his medical records, plaintiff could "ascertain the answers through the same process." Id. at 5. Third, Judge Oliver did not compel further responses to Interrogatory No. 3, finding that it was irrelevant and overbroad. Id. at 6. Fourth, Judge Oliver compelled supplemental responses to Interrogatory No. 13, while limiting the relevant time period. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-06139-CAS-RAO | Date | December 23, 2024 |
|---|---|---|---|
| Title | David Fink v. County of Los Angeles et al. | | |

The Court finds that none of plaintiff's allegations result from an extrajudicial source "because they involve the judge's performance while presiding over this case. Thus, these grounds do not provide a basis for recusal." Studley, 783 F.2d at 939 (internal citations omitted). Plaintiff's disagreement with Judge Oliver's prior rulings is not proof of bias and is not a proper basis for qualification.

In accordance with the foregoing, the motion to disqualify Judge Oliver is **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |